IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR HUERTAS,  :  <br>     Plaintiff,  : <br>    : <br> v.  : <br>    : <br> GINA CLARK, *et al.*,  : <br>     Defendants.  : | Civil No. 23-cv-1685 |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                       **JULY 19, 2024**

    Plaintiff Hector Huertas, pro se inmate, brings this case to challenge his transfer from State Correctional Institute at Chester (SCI-Chester) to State Correctional Institute at Forest (SCI-Forest). Plaintiff brings this claim under 42 U.S.C. § 1983 to correct alleged First Amendment violations. Plaintiff claims that Defendants, two Department of Corrections (DOC) Officials, retaliated against him for filing numerous grievances. Presently before the Court is Defendants' Motion for Summary Judgment. Defendants assert that Plaintiff failed to exhaust the administrative remedies available to him. Defendants' Motion for Summary Judgment is granted as Plaintiff failed to exhaust the administrative remedies that are available to him.

**I.    BACKGROUND**

    **A.    Procedural Background**

    On April 24, 2023, Plaintiff filed suit against Defendants Gina Clark and Madeline Quinn, the Superintendent and Deputy Superintendent at SCI-Chester respectively. Compl. ¶¶ 3-4, ECF No. 1. Plaintiff alleges that Defendants violated his First Amendment right by retaliating against him for filing grievances. Compl. ¶¶ 1-2. On February 5, 2024, Defendants filed a

Motion for Summary Judgment (ECF No. 32). Defendants filed an Undisputed Statement of Facts in support of the Motion for Summary Judgment (ECF No. 31). On March 10, 2024, Plaintiff filed his response (ECF No. 43).

### B. Factual Background

Around September 2022 through October 2022, SCI-Chester commenced an investigation against Plaintiff, Hector Huertas. Defs.' Stat. of Undisputed Facts ¶ 1, ECF No. 31. The investigation concerned Plaintiff and another inmate, Inmate Moore, smuggling drugs into the facility. Defs.' Stat. of Undisputed Facts ¶ 6. The DOC concluded that Plaintiff was guilty of possession or use of contraband and controlled substances. *Id.*

Effective on October 1, 2022, Plaintiff faced sixty days of disciplinary custody because of the misconduct. Defs.' Mot. for Summ. J. 5, ECF No. 32. On November 18, 2022, five DOC staff members were presented with a vote sheet to separate Plaintiff from Inmate Moore. Defs.' Stat. of Undisputed Facts ¶ 7. On November 21, 2022, five DOC staff members voted to transfer Plaintiff out of SCI-Chester to SCI-Forest. *Id.*

The transfer petition stated that Plaintiff was being transferred because he had conspired with another inmate to introduce contraband into the facility. Defs.' Stat. of Undisputed Facts ¶ 9. However, Plaintiff contends that SCI-Chester transferred him in retaliation for the numerous grievances filed. Compl. ¶ 31. From the time Plaintiff was placed in disciplinary custody on October 1, 2022, until he was transferred, Plaintiff filed six grievances. Defs.' Stat. of Undisputed Facts ¶ 10.

The grievance at issue, Grievance 1012554, was filed because Plaintiff believed that the facility transferred him in retaliation for the grievances. Compl. ¶¶ 31-32. Plaintiff alleges that family and friends conversed with Defendants over the phone and were told that Plaintiff was

being transferred because of the numerous grievances filed. Defs.' Stat. of Undisputed Facts ¶ 13. Plaintiff also alleges that a staff member informed him that his transfer was due to the numerous grievances he filed. *Id.* at ¶ 11. Plaintiff could not identify the staff member nor the date of the conversation with the staff member. *Id.* at ¶ 12.

Despite the disputed date of filing, SCI-Chester processed Grievance 1012554 on December 27, 2022. Defs.' Stat. of Undisputed Facts ¶ 16. On January 10, 2023, SCI-Chester issued its Initial Response, denying Plaintiff's grievance. *Id.* at ¶ 18. Plaintiff alleges that he did not receive this Initial Response until he complained to the Central Office. *Id.* On March 7, 2023, the Central Office sent Plaintiff a second copy of the Initial Review Response. *Id.* at ¶ 19. On March 14, 2023, Plaintiff appealed the decision to the Facility Manager. *Id.* at ¶ 20.

On March 28, 2023, the Facility Manager denied Plaintiff's appeal. Defs.' Stat. of Undisputed Facts ¶ 21. On April 3, 2023, the Central Office then corresponded with Plaintiff, informing him that he could file a timely appeal to the Secretary's Office if he was unhappy with the Facility Manager's Response. *Id.* at ¶ 22. In his complaint, Plaintiff states that he did not receive the Facility Manager's Response. Compl. ¶¶ 31-32. Conversely, during his deposition, Plaintiff alleges that he received the Facility Manager's response and appealed it. Defs.' Stat. of Undisputed Facts ¶ 25.

During his deposition, Plaintiff states that he can provide a copy of the appeal, but no copy has been provided. *Id.* Plaintiff asserts that he appealed the decision of the Facility Manager, but the only evidence supporting this assertion is his affidavit and deposition testimony. Pl.'s Resp. ¶ 79, ECF No. 43; Pl.'s Aff. ¶ 4, ECF No. 43. In his affidavit, Plaintiff writes that he appealed it on May 11, 2023, and that he has no control over the appeal once it is dropped in the mailbox. Pl.'s Aff. ¶¶ 5-6. Plaintiff attempts to explain the discrepancies by stating that he had not received the

3

Facility Manager's Response when he filed his complaint. Pl.'s Aff. ¶ 7.

Despite Plaintiff's claims that he could provide a copy of the appeal, the only evidence on record of the appeal is the correspondence between the Secretary of Inmate Grievances and Appeals Office (SOIGA) and Plaintiff. Defs.' Stat. of Undisputed Facts ¶ 26. On May 8, 2023, SOIGA provided Plaintiff with a second copy of Facility Manager's Response to Plaintiff's Grievance 1012554. *Id.* at ¶ 23. SOIGA advised Plaintiff that he could have fifteen additional days to provide a timely response, making the response due by May 30, 2023. *Id*. On June 14, 2023, SOIGA wrote to Plaintiff, stating that they had not received an appeal to the Facility Manager's Response to Grievance 1012554 by the May 30th deadline. *Id.* at ¶ 24. Plaintiff admits that he is aware that he must follow the DOC procedures and exhaust his remedies to the highest level possible. *Id.* at ¶ 34.

## II.     STANDARD

### Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Facts are material if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute as to those facts is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248).  "We view all the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* (internal quotation marks and citation omitted).

The party moving for summary judgment must first "identify [] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252). At the summary judgment stage, the court's role is not to weigh the evidence and determine the ultimate truth of the allegations. *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019). Instead, the court's task is to determine whether there remains a genuine issue of fact for trial. *Id.*

### III. ANALYSIS

**Plaintiff Failed to Adequately Exhaust the Administrative Remedies Available to Him**

Plaintiff failed to adequately exhaust the administrative remedies available to him, making summary judgment appropriate in this case. Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." Prison Litigation Reform Act, 42 U.S.C.A. § 1997(e) (2013). Non-exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 199 (2007). This is a threshold issue to be determined by the court and must be addressed to ensure that the litigation is being brought at the proper time. *Rinaldi v. United States*, 904 F.3d 257, 266 (3d Cir. 2018). The PLRA requires proper exhaustion, with the inmate first completing the administrative review to the highest level possible. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Plaintiff alleges that he exhausted the administrative remedies that are available to him, but

the record fails to support this conclusion. Defendants have put forth evidence showing that they replied to each appeal of Grievance 1012554, but there is no evidence that they received the final appeal of the Facility Manager's decision. Defs.' Stat. of Undisputed Facts at ¶¶ 18-24. In his complaint, Plaintiff initially stated that he never received the Facility Manager's Response. Compl. ¶ 32. However, when questioned during his deposition, Plaintiff stated that he received and appealed the response. In his affidavit, Plaintiff also stated that he had appealed the Facility Manager's decision. Defs.' Stat. of Undisputed Facts ¶ 25. Plaintiff does not provide specific evidence of appeal, only the date in his affidavit. Pl.'s Aff. ¶ 5.

An affidavit that is "essentially conclusory" and lacking in specific facts is inadequate to satisfy the nonmovant's burden. *Maldonado v. Ramirez,* 757 F.2d 48, 51 (3d Cir. 1985). When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading but instead must set out specific facts showing a genuine issue for trial. *Id.* A litigant cannot rely on conclusory self-serving affidavits to defeat summary judgment. *Paladino v. Newsome*, 885 F.3d 203, 209 (3d Cir. 2018).

Because Plaintiff in the instant matter prophets only self-serving conclusions without specific facts, there fails to be a genuine issue of material fact making summary judgment appropriate in favor of Defendants. The Third Circuit's decision in *Paladino* guides this Court in determining whether Plaintiff's self-serving affidavit is sufficient to create a genuine issue of material fact. The Third Circuit established that more than mere conclusions are necessary to create a genuine issue of material fact. *Paladino*, 885 F.3d at 206. In *Paladino*, plaintiff asserted that he filed at least six forms about the specific event that the grievance concerned. *Id*. Further, plaintiff in sworn deposition testimony stated that he submitted the forms and remained steadfast in his conclusion that he submitted the forms. *Id.* When considering another issue in *Paladino*, the Third

6

Circuit dismissed a second claim because plaintiff "vaguely insisted that he appealed numerous responses that vanished after being properly submitted and/or filed." *Id.* at 208 (internal quotation marks omitted). The Third Circuit made clear that non-conclusory self-serving affidavits could be sufficient, particularly in suits where exhaustion of administrative remedies is at issue; however, Plaintiff in the instant case fails to state anything beyond mere conclusions, lacking the specific required facts present in *Paladino*.

In the instant case, Plaintiff originally stated that he did not receive the documents from the Facility Manager. Compl. ¶ 7. However, after being asked during his deposition under sworn oath, Plaintiff stated that he appealed the Facility Manager's Response and could provide a copy of the appeal. Defs.' Stat. of Undisputed Facts ¶ 25. To date, Plaintiff has failed to provide a copy of the appeal. In addition to not providing a copy of the appeal, Plaintiff simply asserts that he filed the appeal in his deposition. When asked if he had appealed the Facility Manager's decision, Plaintiff stated, "Yeah. I believe so, in my records. I can give you a copy." Pl.'s Dep., DEF 103: 18-22. In addition, in his affidavit, Plaintiff writes that he certainly appealed it on May 11, 2023, three days after the SOIGA provided a response that they had not to date received the appeal. Pl.'s Aff. ¶ 7.

Contrary to Plaintiff's assertion that he appealed the decision, Defendants present evidence that the appeal was never filed. First, Defendants provided the Court with a log of previous grievances and their outcomes. Pl.'s Grievance History, DEF 137. This log shows what step of the appeals process each grievance reached. *Id.* Grievance 1012554's entry does not show an appeal from the Facility Manager's response. *Id.* Second, Defendants provided the Court with all the correspondence with Plaintiff throughout the appeal process of Grievance 1012554. Defs.' Stat. of Undisputed Facts ¶¶ 18-24. Plaintiff remained in communication with all relevant actors, and the

7

DOC replied with several courtesy copies. *Id*. Defendants also provided correspondence between SOIGA and Plaintiff stating their office had not received the appeal. Defs.' Stat. of Undisputed Facts ¶ 23. SOIGA's response to Plaintiff informed him that he could appeal the Facility Manager's Response and enclosed a second copy of the response. *Id.* Further, to accommodate Plaintiff, SOIGA offered Plaintiff fifteen additional days to file the appeal to the highest level. *Id.* SOIGA did not receive the appeal from Plaintiff by the May 30th deadline. *Id.* at ¶ 34. On June 14, 2023, SOIGA informed Plaintiff that they never received his appeal so any attempt to appeal would be considered untimely. *Id.*

SOIGA's letter demonstrates that they have no record of Plaintiff's appeal. Defs.' Stat. of Undisputed Facts ¶ 24. Plaintiff knew that he needed to fully exhaust his administrative remedies before filing suit. Defs.' Stat. of Undisputed Facts ¶ 34. Because Plaintiff has failed to allege any specific facts regarding his appeal of Grievance 1012554 and failed to provide a copy after stating that he could do so, Plaintiff's affidavit and sworn testimony are merely conclusory and self-serving. Therefore, there fails to be a genuine issue of material fact regarding his appeal because Plaintiff only vaguely asserts that he appealed the grievance to the highest level possible.

Regarding the availability of the administrative remedies, Plaintiff fails to show that the administrative remedies were unavailable to him. A prisoner is required to exhaust only those grievance procedures that are "capable of use" to obtain relief. *Booth v. Churner*, 532 U.S. 731, 738 (2001). There are three categories in which grievance procedures are unavailable: (1) the grievance procedure operates as a simple dead end, (2) an administrative scheme that is so opaque that it becomes incapable of use meaning that it is nearly impossible for an inmate to navigate, and (3) prison administrators thwart the inmate from taking advantage of it through machination, misrepresentation, or intimidation. *Ross v. Blake,* 578 U.S. 632, 643-45 (2016).

In this case, Plaintiff presents no evidence that the grievance procedure operates as a dead end. Further, the grievance process is one that Plaintiff has navigated through several times before. Plaintiff filed numerous other grievances in this system. Finally, no evidence is presented that the Defendants thwarted Plaintiff's attempts to gain relief through the grievance system. Therefore, there exists no genuine issue of material fact about whether Plaintiff exhausted the administrative remedies that are available to him.

### III.  CONCLUSION

Defendant's Motion for Summary Judgment is granted because Plaintiff failed to exhaust the administrative remedies available to him. This is a prerequisite to bring suit. Because Plaintiff failed to meet the threshold requirement, no other claims need to be addressed. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge