IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR HUERTAS,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :     Civil No. 23-cv-1685 |
| GINA CLARK, *et al.*,<br>　　　　Defendants. | :<br>:<br>: |

**ORDER**

**AND NOW**, this 19th day of July, 2024, upon consideration of Plaintiff's Motion to Compel Compliance (ECF No. 29), and Defendants' Response in Opposition (ECF No. 30), Plaintiff's Motion for Reconsideration (ECF No. 33), Defendants' Response in Opposition (ECF No. 41), Plaintiff's Third Motion to Compel (ECF No. 34), and Defendants' Response (ECF No. 35) **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel Compliance (ECF No. 29) is **DENIED**.[1]

2. Plaintiff's Motion for Reconsideration (ECF No. 33) is **DENIED**.[2]

---

[1] In Plaintiff's Motion to Compel Compliance (ECF No. 29), Plaintiff states that he served subpoenas during the discovery time period on third parties, but the third parties did not respond. *See* ECF No. 29 at 1. However, Defendants contend that service was not made appropriately. *See* ECF No. 30 at 4. Plaintiff was ordered to submit proof that service was proper by March 15, 2024. The Court did not receive any submission of proof of service. Accordingly, the Motion to Compel is denied.

[2] Plaintiff seeks reconsideration of the Court's previous order denying his Motion to Compel (ECF No. 21). However, reconsideration is only applicable when: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). None of these scenarios are applicable to Plaintiff's case. Instead, Plaintiff continues to make repeated contentions that Defendants mislead and deceived the Court and did not produce the documents they purported to do so. *See* ECF No. 33 at 3. However, there is no evidence that Defendants attempted to deceive the Court, and the Defendants again assert that they produced all requested discovery materials. *See*

    3. Plaintiff's Third Motion to Compel (ECF No. 34) is **DENIED**.[3]

**IT IS FURTHER ORDERED** that upon consideration of Defendants' Motion for Summary Judgment (ECF No. 32), Defendants' Undisputed Statement of Facts (ECF No. 31), and Plaintiff's Response (ECF No. 43), Defendants' Motion (ECF No. 32) is **GRANTED** and all counts are **DISMISSED**.

**IT IS FURTHER ORDERED** the Clerk of Court is **DIRECTED** to mark this case **CLOSED**.

BY THE COURT:

   /s/ *John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

ECF No. 41 at 7-8; ECF No. 41-1; ECF No. 41-2. Accordingly, Plaintiff's motion for reconsideration (ECF No. 66) is denied.

[3]     For Plaintiff's Third Motion to Compel, he again brings a list of discrepancies pertaining to the production of discovery and the answering of interrogatories from Defendants. However, before bringing a motion to compel to the Court, the parties must first try to work out the disputes between themselves. *See* Fed. R. Civ. P. 37(a)(1); L.R. 26.1(f). Here, Defendants aver and Plaintiff admits that Plaintiff did not confer with Defendants regarding these disputes. ECF No. 35 at 11; ECF No. 34 at 6. Additionally, Defendants again state that they produced all requested documents and adequately answered the interrogatories.

    Also contained within the Third Motion to Compel is Plaintiff's objection to the use of his deposition which was taken on January 9, 2024. Plaintiff claims that he was not given proper notice of the deposition, but regardless, he continued with the deposition with the understanding that he could later amend the transcript. ECF No. 34 at 10. Defendants contend and provide evidence that notice was given. ECF No. 35 at 11; ECF No. 35-1. Additionally, Plaintiff objects to Defendants not giving him the opportunity to correct or amend the transcript, but it was Plaintiff's obligation to submit changes to the deposition within thirty days after being notified that the transcript is available. *See EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 265-66 (3d Cir. 2010). Although it is not clear when or if Plaintiff may have received this notification, Plaintiff did receive a copy of the transcript with Defendants' Motion for Summary Judgment and did not attempt to propose changes to the transcript. For the foregoing reasons, Plaintiff's Third Motion to Compel is denied.