**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 24-2549

---

HECTOR HUERTAS,
Appellant

v.

GINA CLARK, Superintendent;
MADELINE QUINN, Superintendent Assistant

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01685)
District Judge: Honorable John M. Gallagher

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2025
Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: June 9, 2025)

---

OPINION*

---

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hector Huertas appeals the District Court's grant of summary judgment in favor of Gina Clark and Madeline Quinn. We will affirm, with one modification.

I.

Huertas is a Pennsylvania state prisoner. On October 1, 2022, he was charged with a misconduct for conspiring with another inmate to bring drugs into SCI Chester and placed in the Restricted Housing Unit (RHU) for 60 days. While in the RHU, he filed numerous grievances related to his alleged treatment there. In late November 2022, Gina Clark, the Superintendent of SCI Chester, sought and received approval to have Huertas transferred from SCI Chester to SCI Forest.

On November 27, 2022, Huertas filed a grievance alleging that the transfer was requested in retaliation for his prior grievances. That grievance was processed on December 27, 2022, and denied on January 10, 2023. Huertas' appeal of that decision to the facility manager, submitted on March 14, 2023, was denied as untimely on March 28, 2023. Huertas filed the complaint in this case on April 24, 2023, asserting First Amendment retaliation claims under 42 U.S.C. § 1983 against Clark and Madeline Quinn, then-assistant superintendent of SCI Chester. In the complaint, he alleged that he never received a response from the facility manager to his March 14th appeal.

The defendants filed a motion for summary judgment in which they asserted that Huertas's claims were barred because he never exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA). They submitted evidence that the Secretary's Office of Inmate Grievances and Appeals (SOIGA) never received a final appeal from Huertas, despite notifying him of their decision on several occasions and

giving him multiple extensions to do so. When Huertas was deposed during discovery, he testified that he did, in fact, file the final required appeal. He also attached an affidavit to his response to the defendants' motion for summary judgment in which he asserted that he submitted his appeal to the SOIGA on May 11, 2023.

The District Court granted the motion for summary judgment. It reasoned that Huertas' affidavit and deposition testimony failed to create a genuine issue of material fact regarding whether Huertas properly exhausted his claims because they "are merely conclusory and self-serving." ECF No. 44 at 8. Huertas timely filed a motion for reconsideration, to which he attached a handwritten appeal to the SOIGA dated May 11, 2023. He also filed a notice of appeal. The appeal was stayed pending the District Court's disposition of the motion for reconsideration, which it denied. The matter is now fully briefed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). We construe Huertas's pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and may affirm on any basis

supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"Under the PLRA, prisoners who seek to challenge their conditions of confinement must exhaust all available administrative remedies." Prater v. Dep't of Corr., 76 F.4th 184, 203 (3d Cir. 2023) (citing 42 U.S.C. § 1997e(a)). Exhaustion must be complete before the prisoner files suit. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002); Neal v. Goord, 267 F.3d 116, 117-18 (2d Cir. 2001) ("[F]ailure to [exhaust] must result in dismissal, notwithstanding efforts by the inmate-plaintiff to pursue administrative remedies while simultaneously seeking relief in federal court."). The Pennsylvania DOC's inmate grievance process requires completion of a three-part procedure: initial review, appeal to the Facility Manager, and final appeal to the SOIGA. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

The District Court did not err in granting summary judgment after concluding that Huertas' claims were barred by his failure to exhaust. Huertas asserted specific facts in his deposition testimony and affidavit regarding the submission of his final appeal to the SOIGA, and, under different circumstances, this would have created a genuine issue of material fact regarding whether his claims were properly exhausted. See Paladino v. Newsome, 885 F.3d 203, 209 (3d Cir. 2018) ("[A] single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment." (quoting Lupyan v. Corinthian Colls., Inc., 761 F.3d 314, 320 (3d Cir. 2014))). However, Huertas asserts that he submitted that final appeal to the SOIGA on May 11, 2023—over two weeks *after* he filed the complaint in

this case. Dismissal of his claims was therefore required,[1] and we will affirm the District Court's judgment.

However, the District Court did not specify whether its dismissal of Huertas' claims was with or without prejudice. We will therefore modify its judgment to be without prejudice. See Garrett v. Wexford Health, 938 F.3d 69, 81 n.16 (3d Cir. 2019) (explaining that we "allow[] complaints filed prematurely to be dismissed without prejudice and then refiled when the administrative remedies [are] exhausted").

---

[1] Huertas argues that our holding in Shifflett v. Korszniak, 934 F.3d 356, 359 (3d Cir. 2019), means that when he did not receive notice of the facility manager's denial of his intermediate appeal before the expiration of the 15-day deadline prescribed by ADM 804, the prison's administrative remedies were no longer available to him, and his claims were thus properly exhausted. In Shifflett, we held that a prisoner "exhausted his remedies and acquired the right to come into federal court when the prison did not decide the initial appeal of his grievances within the time limits specified by the grievance policy." Shifflett does not apply here because unlike in that case, the prison here *did* timely decide the appeal in accordance with its policy and has presented evidence of numerous efforts to notify Huertas of that decision.